# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,      :      Case No. 3:08-cr-138

                                    District Judge Walter Herbert Rice
-vs-                                Magistrate Judge Michael R. Merz

                            :

CYRIL ANDERSON,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255 (Doc. No. 39). On the Court's Order (Doc. No. 42), the United States filed a Response in Opposition ("Answer")(Doc. No. 44).

In the Order for Answer, the Court set a reply date of twenty-one days after the Answer. The Answer was filed on June 11, 2010, so that the reply was due on July 6, 2010[1], but no reply has been filed.

Petitioner pleads the following grounds for relief:

    **Ground One:** Denial of effective assistance of counsel.

    **Supporting Facts:** Respectfully on the record I, the defendant, had requested new counsel citing a conflict of interest.

    **Ground Two:** Conviction obtained by plea of guilty which was without understanding of the consequences of the plea.

    **Supporting Facts:** I (Defendant) was led to believe despite of being

---

[1] 21 days plus 3 days based on the method of service plus 1 day for the Fourth of July holiday.

1

>designated a career offender, which was declared to overstate my criminal history. I would then be sentenced on the original category of 33 months.
>
>**Ground Three:** Conviction obtained by the unconditional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
>
>**Supporting Facts:** The prosecution failed to present several so-called missing C[ompact] D[isk] recordings which would help reduce the severity of the charges.
>
>**Ground Four:** Conviction obtained by violation of the protection against double jeopardy.
>
>**Supporting Facts:** Defendant argues the fact of prior consolidated offense used to inhance [sic] the sentence (Stale convictions) in which the defendant has already served. Therefore defendant is respectfully requesting a modification of his sentence in light of his acceptance of responsibility.

(Motion, Doc. No. 39, PageID 146-147.)

**Procedural History**

The grand jury for this District returned a three-count Indictment in 2008 charging Defendant with (Count 1) conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine, (Count 2) actual distribution of cocaine, and (Count 3) possessing a firearm after having been convicted of a felony. Because of a prior felony drug conviction, he faced a mandatory ten-year minimum sentence.

On November 20, 2008, pursuant to a written plea agreement (Doc. No. 20), Defendant pled guilty to the second count after an extensive plea colloquy under Fed. R. Crim. P. 11 (Plea Transcript, Doc. No. 40). After receiving the Presentence Investigation Report, the Court proceeded to sentencing. Judge Rice concluded that, although Defendant qualified as a career criminal offender, that status "substantially over represents the seriousness of his past criminal conduct and

the likelihood of recidivism.  Pursuant to the Guidelines, I can drop the Criminal History category only to V, which the Court will do." (Sentencing Transcript, Doc. No. 41, PageID 216.)  Judge Rice recalculated the guideline range under this criminal history category to arrive at a range of 77 to 96 months and sentenced Defendant at the bottom of that range to 77 months imprisonment (Judgment, Doc. No. 34).  Defendant took no appeal, but filed the instant Motion April 16, 2010, a year after sentence was imposed.

## Analysis

### Ground One

In Ground One, Defendant asserts he received ineffective assistance of trial counsel because Assistant Federal Defender Thomas Anderson, his trial attorney, had a conflict of interest.

Where a criminal defendant can prove that his attorney actively represented actual conflicting interests, ineffectiveness will be found and there is no need to show prejudice resulting from the conflict.  *Cuyler v. Sullivan,* 446 U.S. 335 (1980);  *Thomas v. Foltz*, 818 F.2d 476 (6th Cir. 1987).  The burden of proof of actual conflict is on the Petitioner.  *Cuyler*, supra.  The conflict must be actual and significant.  *Thomas,* 818 F.2d at 481.  The presumed prejudice standard of *Cuyler* is clearly established only when the conflict is due to multiple concurrent representations.  *Mickens v. Taylor*, 535 U.S. 16 (2002).

Defendant has not cited any conflict of interest on the part of Mr. Anderson, either active or potential.  In particular, this Court is careful to appoint separate counsel for co-defendants in criminal cases because of the possibility of conflict, but there were no co-defendants in this case. As the United States notes, Defendant represented he was satisfied with counsel's performance both

3

in the written Plea Agreement and orally during the plea colloquy.

Ground One is without merit.

## Ground Two

In Ground Two Mr. Anderson claims he was led to believe his sentence would be 33 months and that he did not understand the consequences of his plea. He does not say who led him to believe that would be the sentence.

The United States asserts this claim is forfeited by Defendant's failure to present it on direct appeal. Defendant admits in the Petition that he did not appeal at all from the Court's judgment. Except for ineffective assistance of trial counsel, constitutional issues which can be raised on direct appeal but are not are deemed waived and cannot later be presented in a § 2255 Motion. *United States v. Frady*, 456 U.S. 152 (1982).

A § 2255 movant can excuse a procedural default by showing cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72 (1977). In this case Defendant claims he told his attorney to appeal and the attorney did not do so (Petition, Doc. No. 39, PageID 145). However, he submits absolutely no evidence to corroborate this claim. Thus Ground for Relief Two is procedurally defaulted.

Furthermore, it is without merit. In the written Plea Agreement, Defendant represented that he did understand that he was subject to a possible maximum sentence of 20 years (Plea Agreement, Doc. No. 20, ¶ 3); that the Probation Department would prepare a presentence investigation report, but that its recommendations were not binding on Judge Rice who could impose up to the maximum sentence (¶ 5); that there were no other promises, understandings, or agreement beyond those contained in the Plea Agreement (¶ 13). In his sworn responses to the Court's questions at the plea

colloquy, Mr. Anderson went over all of these terms and affirmed that he understood them all (Plea Transcript (Doc. No. 40). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Ground Two should be dismissed with prejudice as procedurally defaulted and without merit.

### Ground Three

In Ground Three, Defendant claims his conviction was obtained by failure of the United States to disclose certain compact disk recordings.

The State has a duty to produce exculpatory evidence in a criminal case. If the State withholds evidence and it is material, the conviction must be reversed. *Brady v. Maryland*, 373 U.S. 83 (1963). However, by entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case

against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy*, 394 U.S. at 466. To put it another way, Defendant has pled guilty and admitted sufficient facts in the Statement of Facts to ground a conviction. In light of the plea and admissions, evidence which might have been exculpatory if used at trial becomes irrelevant.

Accordingly, Ground Three is without merit. Moreover, it is procedurally defaulted, as the Government claims, for the same reasons as Ground Two.

## Ground Four

In Ground Four, Defendant claims, as the Magistrate Judge interprets his claim, that is violates the Double Jeopardy Clause to enhance his sentence in this case based on prior convictions which have become stale.

This claim is procedurally defaulted for the same reasons as Ground Two. Moreover, it is without merit. The very premise of calculating a criminal history under the Sentencing Guidelines is that past convictions are relevant to sentencing. The Guidelines take potential staleness into account by excluding convictions over a certain age, and under that provision, Defendant did not receive any criminal history points for his 1983 convictions for petty theft and aggravated robbery, his 1989 conviction for attempted drug abuse, his 1993 convictions for menacing and theft, his 1994 convictions for misuse of credit cards, domestic violence, receiving stolen property, his 1996 offenses for disorderly conduct, attempted theft, forgery, and drug abuse, or for his 1997 conviction for possession of cocaine.

There is no Double Jeopardy violation involved in considering those past convictions which were counted under the Guidelines. The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

6

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  Under the Double Jeopardy Clause, this Court could not exceed the maximum sentence prescribed by Congress for the offense of conviction based on a prior conviction.  But there is no constitutional prohibition on taking into account, in deciding where to sentence within a range of permissible sentences, the fact of one or many prior convictions.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be denied with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that the Court deny leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 12, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing,

the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).